FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| LENYSE SHOMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2007-154 |
| | ) | |
| MUGAR ENTERPRISES, INC., STARFISH MARKET, INC., ENIGHED POND PARTNERSHIP D/B/A/ THE MARKETPLACE, MT FINANCIAL ASSOCIATES, LLC, MICHAEL MANION and FRANK LA VERDE | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**APPEARANCES:**

**Ronald W. Belfon, Esq.,**
St. Thomas, U.S.V.I.
 *For the plaintiff.*

**Bennett Chan, Esq.,**
**Michelle Taylor Meade, Esq.,**
St. Thomas, U.S.V.I.
 *For the defendants Mugar Enterprises, Inc., Starfish Market,*
 *Inc., Enighed Pond Partnership, and MT Financial Associates,*
 *LLC.*

**Michael Manion,**
 *Pro se defendant.*

**Frank La Verde,**
 *Pro se defendant.*

## MEMORANDUM OPINION

**Gómez, C.J.**

  Before the Court is the motion of the defendants Mugar

Enterprises, Inc. ("MEI"), Starfish Market, Inc. ("Starfish"), Enighed Pond Partnership ("EPP"), and MT Financial Associates, LLC ("MT Financial")(collectively the "defendants") for dismissal of Counts I, II, IV and VI of the plaintiff Lenyse Shomo's ("Shomo") second amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Shomo filed an opposition to the motion to dismiss on January 16, 2009. Under LRCi 12.1, the opposition was due no later than November 23, 2008.

## I. Factual and Procedural Background

Shomo is a black woman who was employed as manager of Starfish Market, Inc., a grocery store located in St. John, U.S. Virgin Islands. Shomo worked for Starfish from July, 2001, to January, 2006, when she was transferred to MT Financial. She continued to work for MT Financial until December 31, 2006. During her employment at both companies, Shomo was paid by EPP, a subsidiary of MEI.

Shomo claims that in 2004 she was asked to terminate a black Starfish employee after he had a confrontation with a white EPP employee. Shomo claims that when she refused to fire the black employee, her work environment became hostile. She claims that she did not receive bonuses, while other white employees did. She also claims that she was not given raises.

Shomo also alleges that she was replaced as general manager on January 23, 2006, by her administrative assistant, who was not qualified for the job. At that time, Shomo claims she was given the choice of being terminated or taking on a newly created position as Director of Special Projects for another MEI subsidiary, MT Financial. Shomo took the new position.

On December 31, 2006, Shomo was fired. The defendants claim that Shomo had not fulfilled her duty to secure $500,000 in financing for a proposed project. Shomo claims that this reason for the firing was pretextual.

On May 22, 2007, Shomo filed a charge of discrimination against Starfish, MEI, and EPP with the Virgin Islands Department of Labor ("VIDOL"). She claimed her transfer to MT Financial had been the result of race and age discrimination. She also claimed that she had been the subject of retaliation.

On September 21, 2007, Shomo also filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").[1] On December 24, 2007, Shomo filed the instant action. Count I of Shomo's complaint alleges a Title VII violation. Count II alleges civil conspiracy. Count III makes a claim for intentional infliction of emotional distress. Count IV alleges tortious interference with prospective business

---

[1] The EEOC issued Shomo a right to sue letter on February 13, 2008.

relations. Count V alleges civil rights violations under 42 U.S.C. § 1981. Count VI alleges wrongful discharge. Count VII claims that the defendants violated the federal Fair Labor Standards Act. Finally, Count VIII alleges a violation of the Virgin Islands Fair Labor Standards Act.

On November 3, 2008, the defendants filed their joint motion to dismiss Counts I (Title VII), II (civil conspiracy), IV (tortious interference), and VI (wrongful discharge).

## II. Discussion

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam)(citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic v. Twombly*, 127 S. Ct. 2197, 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965).

### III. Analysis

#### A. Count I - Title VII

The defendants argue that the Title VII claim alleged in Count I should be dismissed because Shomo failed to exhaust her administrative remedies and because Title VII does not apply to MT Financial.

#### 1. Exhaustion of administrative remedies

"Title VII requires exhaustion" of administrative remedies before a plaintiff proceeds in federal court. *Francis v. Mineta*, 505 F.3d 266, 272 (3d Cir. 2007); *see* 42 U.S.C. § 2000e-16(c). Accordingly, an employee must first file a claim with the EEOC or the state agency. Thereafter,

> the agency must notify the respondent [employer] and

>     conduct an investigation. If, after the investigation,
>     the Commission finds reasonable cause to believe that
>     the charge is true, conciliation procedures are
>     instituted. If the Commission is unable to resolve the
>     matter informally, it notifies the aggrieved party of
>     his right to file a civil action in the district court
>     within ninety days.

*Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976); *see* 42 U.S.C. § 2000e-5(f)(1). Failure to exhaust administrative remedies is an affirmative defense, for which the defendants bear the burden of proof. *See, e.g.*, *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove." (citations omitted)). The defendants assert that Shomo failed to exhaust administrative remedies in at least two respects.

First the defendants assert that Shomo failed to timely file for administrative relief. They claim the only adverse employment decision Shomo has complained of is her retaliatory transfer.

Under Title VII's administrative procedure, in a state that has its own agency equipped to address employment discrimination, an aggrieved employee must file a charge of discrimination with the state or local employment agency within 300 days of the discriminatory act. 42 U.S.C. § 2000e-5(e); *see also Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1210 (3d Cir. 1984)

("if a complainant initiates proceedings with a state or local employment discrimination agency, the filing period is extended to 300 days"). A Title VII claimant must exhaust the statute's administrative remedies and procedures prior to bringing a civil action in court. 42 U.S.C. § 2000e-5; *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). Failure to timely file an administrative complaint after the alleged discriminatory act is grounds for a Rule 12(b)(6) dismissal. *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) ("Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim.").

Shomo was terminated from MT Financial on December 31, 2006. She alleges her termination was prompted by discrimination. Shomo filed a complaint with the VIDOL on May 22, 2007. As such, Shomo filed her VIDOL complaint 152 days after the discriminatory event, and her employment discrimination charge was timely.

Second, the defendants assert that Shomo failed to name MT Financial in her discrimination charging forms. The defendants point out that in the EEOC form, Shomo charges only Starfish with discrimination. They further note that in the VIDOL form, Shomo identifies Starfish and EPP as the employers that have discriminated against her. In an attachment to that form Shomo identifies MEI as Starfish's parent corporation. MT Financial is

not mentioned in either of these forms or in the attachment.

"Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (citations omitted). "The purpose of requiring the complaint to match the EEOC charge is to 'give[] the employer some warning of the conduct about which the employee is aggrieved and afford[] the EEOC and the employer an opportunity to attempt conciliation without resort to the courts.'" *Id.* (citing *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). Here, Shomo did not name MT Financial as a respondent in her EEOC and VIDOL charges of discrimination. (Unnumbered Ex. Deft's Mot. to Dismiss 1.) The defendants have initially met their burden of showing MT financial may be entitled to the affirmative defense of lack of administrative exhaustion, since MT Financial was not named in Shomo's charging documents.

However, Shomo's failure to name MT Financial in her discrimination charging forms is not necessarily dispositive. The Third Circuit has held that failure to name a party does not necessarily bar an employment discrimination action where the unnamed defendant and the party named in the administrative charge have an identity of interests.

In *Glus v. G. C. Murphy Co.*, the Third Circuit prescribed

four factors a court should balance to decide if an identity of interests exist. 562 F.2d 880, 888 (3d Cir. 1977).

> Factors which we believe the district court should look to are 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id*. The Third Circuit later clarified that the four prong test is not to be applied mechanically, and that no single factor is dispositive. *Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980). Rather, the factors should be evaluated in light of the purpose served by naming the employer in the discrimination charge, (1) giving notice, and (2) facilitating conciliation without resort to litigation. *Glus*, 562 F.2d at 888.

Considering the first *Glus* factor, Shomo knew MT Financial's role in the alleged discrimination because MT Financial was her direct employer at the time she was fired.

In considering the second factor, Shomo claims that all the corporate defendants, MEI, Starfish, EPP, and MT Financial are related corporations. She alleges that each defendant is part of

a larger corporate enterprise, that each acted with knowledge of the actions of the others, and that the corporations share management. (Second Am. Compl. ¶¶ 17, 25, 26.) Shomo has met her burden with regard to the second factor, and the defendants have not refuted these claims. The defendants also have not articulated how MT Financial's interests vary from the three other corporate defendants such that it was necessary for MT Financial to be separately represented before the EEOC. Indeed, MT Financial has joined the three other entities in defense of Shomo's suit, and the corporations all share counsel, which indicates they all have an identity of interests. *Brown v. Vitelcom, Inc.*, 47 F. Supp. 2d 595, 604 (D.V.I. 1999) ("The *Glus* factors weigh in Brown's favor. None of the defendants have articulated how ATN Corp.'s interests actually vary from those of ATN Inc. in this matter, or how those interests have been injured. Indeed, ATN Corp. has cooperated with ATN Inc., VITELCO, and Vitelcom in the collective defense of Brown's suit."). In response to the facts pled in Shomo's complaint, the defendants have failed to show that MT Financial's interests are different enough from the named respondents to have necessitated its involvement in the EEOC conciliation process. As such, the second *Glus* factor weighs against dismissing the claim.

The third *Glus* factor looks for prejudice to the unnamed

defendant. *Glus*, 562 F.2d at 888. MT Financial does not claim a lack of notice of Shomo's discrimination charges, nor that it has been prejudiced. In fact, based on Shomo's complaint, the persons managing MT Financial were technically employed by the various other corporate defendants who were named in the discrimination charges. As such the same managers would have represented MT Financial's interests, as well as the interests of the other defendants, in any conciliation process.

The fourth factor asks whether the unnamed party represented to the plaintiff that she should maintain a relationship with the unnamed party through some third party. Shomo alleges that when she was transferred to MT Financial, she was told that she should continue to report to MEI management, which was also Starfish's and EPP's management. (Second Am. Compl. ¶ 17.) She also claims that while she was employed by Starfish, and also when she was transferred to MT Financial, she was paid by EPP. Shomo further states that her firing from MT Financial was carried out by EPP, MEI and Starfish. (*Id.* at ¶ 18.) Shomo's complaint shows that her relationship with MT was through the named parties. She interacted with MT Financial through the other corporate defendants because she was told to do so. The defendants have not contradicted this claim. The fourth *Glus* factor weighs against requiring Shomo to have named MT in her administrative

complaints.

As such, failure to comply with the requirement of naming MT as a respondent is excused.

### 2. MT Financial's status as a Title VII employer

The defendants argue that the Title VII claim against MT Financial should be dismissed because the company does not employ 15 or more employees. Title VII applies to employers, defined in relevant part as, those who have "fifteen or more employees." 42 U.S.C. 2000e(b); *Colo. Springs Amusements, Ltd. v. Rizzo*, 524 F.2d 571, 576 (3d Cir. 1975). The 15 employee threshold is a substantive element of a Title VII claim. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003). As such, on a 12(b)(6) motion, this Court must accept the allegations in the complaint that bear on this issue as true. *Id*.

In her second amended complaint, Shomo pleads that "Mt. Financial is a Title VII employer with at least fifteen (15) employees."[2] (Second Am. Compl. ¶ 8.) Taking this allegation in the complaint as true, MT Financial is an employer with at least 15 employees.

---

[2] Remarkably, Shomo goes to great lengths in her opposition to the defendants' motion to dismiss to explain why she was not required to plead that MT Financial has 15 or more employees. In fact, as noted above, she did plead that Title VII requirement. To the extent the defendants assert that MT Financial did not meet the 15-employee threshold requirement, and to the extent Shomo seems to concede that point in her opposition, those pleadings raise a factual question for the Court to address at a later time.

**B. Count II - Civil Conspiracy**

The defendants argue that Shomo's civil conspiracy claim must fail as a matter of law because she claims that a parent corporation and its subsidiaries conspired together.

"Under Virgin Islands law, a civil conspiracy consists of an agreement or combination to perform a wrongful act that results in damage to the plaintiff. A conspiracy may also consist of an agreement to do a lawful act by unlawful means." *Gov't Guar. Fund of Repub. of Fin. v. Hyatt Corp.,* 955 F. Supp. 441, 456 (D.V.I. 1997) (quotations omitted). Under the "intracorporate conspiracy doctrine" an entity cannot conspire with one who acts as its agent. *General Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d cir. 2003) (citing *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999)). Further, in the context of civil conspiracy, "it is well-settled that a corporation cannot conspire with its subsidiaries, its agents or its employees . . . ." *Siegel Transfer v. Carrier Express*, 856 F. Supp. 990, 1009 (E.D. Pa. 1994)(citations omitted), *aff'd* 54 F.3d 1125 (3d Cir. 1995).

Shomo's civil conspiracy claim alleges that,

> Mugar, Starfish, Enighed and M.T. Financial asserted influence over plaintiff to the point of compelling plaintiff to act in matters beyond plaintiff's authority or control concerning application or misapplication of employee benefits among employees of

> Starfish and independent contractors; and to the point
> of using plaintiff to influence excise tax adjustments
> and related issues beyond her control and authority.

(Second Am. Compl. ¶ 36.)  Shomo also claims that "[e]ach Defendant served as a related corporation, alter-ego or entity of the other," (*Id*. at ¶ 29.), and that "[d]efendants, while denominated as separate entities, operated as a single entity and are each liable for the others [sic] acts." (*Id.* at ¶ 34.)  Just as a single entity cannot conspire with itself, a corporation and its subsidiaries, agents, and employees, as agents of each other, are incapable of conspiring with each other.  Accordingly, Shomo's civil conspiracy count will be dismissed.

**C. Count IV - Tortious interference**

The defendants argue that Shomo has failed to state a claim for tortious interference with prospective business relations. They argue that she has not alleged the existence of a concrete, prospective business opportunity or of contractual relations.

This Court has held that a party alleging tortious interference must:

> allege that there was an existing contract, that the
> alleged tortfeasor had knowledge of the existing
> contract, that the alleged tortfeasor's actions were
> the proximate cause of the third person's failure to
> perform, and that the tortfeasor's actions were
> intentional, improper, and caused damages.

*Gov't Guar. Fund of Fin.*, 955 F. Supp. at 452.  A review of

Shomo's complaint reveals that she has not alleged the existence of a contract, nor that the defendants knew of such a contract. Shomo claims only that she "was engaged in active ongoing business investment discussions" and that she had "prospective business relations with her own business prospects." (Second Am. Compl. ¶¶ 45, 47.) However, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 127 S. Ct. at 1965 (citation omitted). Here, Shomo fails to satisfy that standard. Indeed, the claim of prospective business relations does nothing more than create a suspicion that there was a contract with which the defendants could have interfered. The Court finds that Shomo's failure to allege the existence of a contract with which defendants interfered is fatal to her claim. Accordingly, the defendants' motion to dismiss Count IV will be granted.

**D. Count VI - Wrongful discharge in violation of public policy**

In Count VI Shomo alleges wrongful discharge in violation of public policy. Specifically, she alleges:

> 57. There is a clear public policy manifested in the law of the Virgin Islands, specifically, V.I. CODE ANN. tit. 24, § 76, that rank and file employees of a business only be fired for one of the enumerated reasons set forth in V.I. Code ANN. tit. 24, § 76.
> 58. During her tenure as a manager with defendant

>       Starfish, the plaintiff was ordered to fire a rank
>       and file employee without any of the grounds for
>       cause enumerated in V.I. CODE ANN. tit. 24, § 76.
>       A law firm hired by Defendant Starfish to review
>       the matter concluded that the proposed firing
>       would be unlawful under V.I. CODE ANN. tit. 24, §
>       76, and the plaintiff refused to carry out the
>       unlawful termination of the employee.
> 59.   As a result of her refusal to conduct an unlawful
>       termination of an employee, the defendants
>       embarked on a campaign to orchestrate the
>       plaintiff's termination from the defendants'
>       employ in retaliation of her refusal to carry out
>       the unlawful order to fire the rank and file
>       employee without legal cause.
> 60.   The defendants lacked any overriding legal
>       justification for the termination of the
>       plaintiff.

(Second Am. Compl. ¶¶ 57-60.)  The defendants argue that no such cause of action exists.  That argument belies the Virgin Islands Code and relevant case law.

The Virgin Islands Wrongful Discharge Act articulates nine specific grounds for lawful employee dismissal.  It generally provides that dismissal for any other reason is considered wrongful. V.I. CODE ANN. tit. 24, § 76 ("Any employee discharged for reasons other than those stated in subsection (a) of this section shall be considered to have been wrongfully discharged . . . .").

Shomo claims that she was terminated because she refused to fire another employee for unlawful reasons.  Significantly, refusing to act unlawfully is not one of the enumerated, lawful

grounds upon which an employee may be fired in the Virgin Islands. V.I. Code Ann. tit. 24, § 76(a). As such, Shomo has stated a claim for wrongful discharge.

## IV. Conclusion

For the foregoing reasons, the Court will deny the defendants' motion dismiss Counts I and VI. The Court will grant the motion to dismiss Counts II, and IV. An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**